Adam P. Segal, Esq.
Nevada Bar No. 6120
Bryce C. Loveland, Esq.
Nevada Bar No. 10132
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106-4614
Telephone:  (702) 382-2101
Facsimile:    (702) 382-8135
Email: asegal@bhfs.com
Email: bcloveland@bhfs.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| TRUSTEES OF THE PLUMBERS AND PIPEFITTERS UNION LOCAL 525 HEALTH AND WELFARE TRUST AND PLAN; TRUSTEES OF THE PLUMBERS AND PIPEFITTERS UNION LOCAL 525 PENSION PLAN; AND THE TRUSTEES OF PLUMBERS AND PIPEFITTERS LOCAL UNION 525 APPRENTICE AND JOURNEYMAN TRAINING TRUST FOR SOUTHERN NEVADA,<br><br>                                Plaintiffs,<br><br>vs.<br><br>SOUTHWEST AIR CONDITIONING, INC., a Nevada corporation,<br><br>                                Defendant. | Case No. 2:11-cv-01995-KJD -PAL<br><br>**JUDGMENT** |

Plaintiffs provide the following proposed judgment pursuant to the Court's Order filed on November 15, 2012 (ECF No. 13):

Presently before the Court is Plaintiffs' Motion for Summary Judgment (ECF No. 12). Defendant Southwest Air Conditioning, Inc. ("Southwest") failed to file a response.

020136\0048\1757903.1                                                            1

I. Facts

Southwest is signatory to a Master Labor Agreement Proxy with Mechanical Contractors Association, Inc. ("MCA"), which designates MCA as Southwest's exclusive bargaining representative and authorizes MCA to negotiate, administer and make Southwest signatory to the Master Labor Agreement ("MLA") with the United Association of Journeymen and Apprentices of Plumbing and Pipe Fitters Local 525 ("Union").

Under the MLA, Southwest was required to contribute to the Plaintiffs ("Trust Funds") and to abide by all terms and conditions of the agreements establishing the Trust Funds as well as any rules and regulations adopted by the Trustees of the Trust Funds. Under the Trust Funds' governing documents, all Trust Fund contributions are due on the 20th day of the month following the month of work, and are delinquent if not received by that same date. The Trust Funds' Collection Policy also states that delinquent contributions accrue 14% interest and a 20% penalty. The Policy also requires delinquent employers to pay all attorney's fees and costs associated with collecting delinquent contributions.

Southwest submitted reports for February 2012 through March 2010, January 2011 through August 2011, and April 2012 through June 2012, admitting the amount of contributions due, which were not paid, with the exception of Southwest's payments for February 2010 and March 2010 contributions to the Trust Fund that were untimely. Thus, the amount of contributions owed totals $34,218, interest totals $5,908 (through November 30, 2012), liquidated damages totals $7,403 and attorneys' fees and costs total $9,027. Plaintiffs have moved for summary judgment alleging that they are due the full amount of damages claimed and that no genuine issue of material fact prevents the Court from entering judgment in the amount of $56,556.

///

II. Standard for Summary Judgment

Summary judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. See Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323. The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine factual issue for trial. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

All justifiable inferences must be viewed in the light must favorable to the nonmoving party. See Matsushita, 475 U.S. at 587. However, the nonmoving party may not rest upon the mere allegations or denials of his or her pleadings, but he or she must produce specific facts, by affidavit or other evidentiary materials as provided by Rule 56(e), showing there is a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). The court need only resolve factual issues of controversy in favor of the non-moving party where the facts specifically averred by that party contradict facts specifically averred by the movant. See Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Anheuser-Busch, Inc. v. Natural Beverage Distribs., 69 F.3d 337, 345 (9th Cir. 1995) (stating that conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment). Evidence must be concrete and cannot rely on "mere speculation, conjecture, or fantasy. O.S.C. Corp. v. Apple Computer, Inc., 792 F.2d 1464, 1467 (9th Cir. 1986). "[U]ncorroborated and self-serving testimony," without more, will not create a "genuine issue" of material fact precluding summary judgment. Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).

Summary judgment shall be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Summary judgment shall not be granted if a reasonable jury could return a verdict for the nonmoving party. See Anderson, 477 U.S. at 248.

III. Analysis

When an employer fails to remit employee benefit contributions in accordance with the employer's written obligations, the employer is subject to suit for its delinquencies. See 29 U.S.C. § 1145. Moreover, ERISA requires the Court to award unpaid contributions, interest, liquidated damages and attorneys' fees in suits to enforce 29 U.S.C. § 1145. See 29 U.S.C. § 1132(g). No question of material fact prevents the Court from awarding summary judgment here; Southwest failed to file an opposition to the Plaintiffs' motion. "The failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." LR 7-2(d). Accordingly, the Court grants Plaintiffs' motion for summary judgment.

///

///

///

///

///

IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Plaintiffs' Motion for Summary Judgment (ECF No. 12) is **GRANTED**;

IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGMENT** for Plaintiffs in the amount of $56,556 and against Defendant Southwest Air Conditioning, Inc.

DATED this 4th day of December, 2012.

_____
**UNITED STATES DISTRICT COURT JUDGE**

Respectfully submitted by:

BROWNSTEIN HYATT FARBER SCHRECK, LLP

/s/ Bryce C. Loveland
Adam P. Segal, Esq.
Nevada Bar No. 6120
Bryce C. Loveland, Esq.
Nevada Bar No. 10132
100 North City Parkway, Suite 1600
Las Vegas, Nevada  89106-4614
Telephone:  702.382.2101
Facsimile:  702.382.8135

Attorneys for Plaintiffs

# CERTIFICATE OF SERVICE

Pursuant to Federal Rules of Civil Procedure 5(b), I certify that I am an employee of Brownstein Hyatt Farber Schreck, LLP and that on this 3rd day of December, 2012, I served a true copy of the foregoing **PROPOSED JUDGMENT** upon:

Jeffrey J. Whitehead, Esq.
Whitehead Law Offices
2431 W. Horizon Ridge Pkwy., Ste. 110
Henderson, Nevada 89052
Email: jay@whiteheadlaw.org

Attorney for Defendant Southwest Air Conditioning, Inc.

☒ a. **BY CM/ECF System**

**I declare under penalty of perjury that the foregoing is true and correct.**

/s/ Ebony Davis
An Employee of Brownstein Hyatt Farber Schreck, LLP

020136\0048\1757903.1

6